Dear Mr. Labat:
You explain that the Terrebonne Parish Council has adopted a resolution requesting an attorney general's legal opinion on whether the Council can cause the question of smoking restrictions and prohibitions in certain buildings to be placed on a referendum election ballot to allow the people to decide the issue.
The law and jurisprudence holds that non-binding, merely advisory, straw votes cannot be put to the electors of the parish to discover their collective desires, so that the parish council can then try to follow those desires with a subsequent ordinance. Rather, for a question to be submitted for referendum, it must first be authorized for referendum by the state constitution, by a statute of this state, or by a home rule charter. R.S. 18:1299;St. John the Baptist Parish Association of Educators v. Brown,465 So.2d 674 (La. 1985). See also Attorney General Opinions Nos. 97-63, 96-352, 96-78, 94-249, 89-414, 88-477, and 87-229.
Accordingly, the answer to your question to us depends on whether the submission of the issue of smoking restrictions in certain buildings to the electors voting at referendum is authorized by the state constitution, by state statute, or by the Terrebonne Parish Home Rule Charter.
As to the state constitution and state statutes, it is difficult, if not impossible really, to say that there is no provision regarding something, because, explicitly or implicitly, there may be a statutory inference placed within the Revised Statutes in a Title, Chapter, or other category of different subject matter that appears otherwise irrelevant to the question. However, our repeated searches into the state constitution and state statutes, even by computerized means, revealed no provision authorizing the submission to the electorate voting at referendum the question whether to ban and/or restrict smoking in certain buildings. The two relevant statutory parts dealing with the issue — viz., the "Louisiana Office Indoor Clean Air Law" (R.S.40:1300.21-1300.28) and the part on "Smoking in Public Places — Restrictions" (R.S. 40:1300.41-1300.48) — both authorize local ordinances enacted by local governments consistent with those state statutory provisions, but neither of them appear to authorize the submission of those proposed ordinances to the electorate as the means to adopt them by a referendum vote. Nevertheless, if you can find such a state constitutional or statutory provision which authorizes the submission of this issue to the electors voting at referendum, the Terrebonne Parish Council may follow it. Our advice is to make sure that the provision gives clear and specific authorization to do so.
Assuming that no state constitutional and no state statutory provision gives such authorization, then we must turn to the Terrebonne Parish Home Rule Charter to ascertain whether that document gives such authorization. Our copy of the Terrebonne Parish Home Rule Charter was obtained from the Terrebonne Parish Internet website. And our review of this document failed to disclose any provision clearly and specifically authorizing the parish council to submit to the voters at a referendum election the adoption of an ordinance containing smoking prohibitions and/or restrictions in certain buildings within the parish. However, the parish charter does authorize individual proponents of such an ordinance to initiate its adoption by proposing it to the parish council and, absent passage of it by the parish council and upon compliance with other procedures, to cause it to be submitted to the electorate at a referendum election for adoption. See Article VI, Section 6-01, of the Terrebonne Parish Home Rule Charter. This situation is similar to the one presented in Attorney General Opinion 94-249, wherein we gave the legal opinion that where a home rule charter authorizes an initiatory petition, the electors may propose term limits for school board members but that such a proposal by the council is not authorized to be placed on the referendum election ballot without an initiatory petition. We think a similar result obtains here. A copy of Attorney General Opinion No. 94-249 is enclosed with this opinion.
Another alternative, of course, is to amend the Terrebonne Parish Home Rule Charter to give the parish council the additional option of causing ordinance proposals to be placed on referendum ballots so that their adoption can be put directly to the electorate voting thereon. Such a provision is not currently in the charter, and this method could not be used until the charter were effectively amended to add this additional power to the parish council.
Trusting that this opinion has adequately answered your inquiry. If we can be of further service, please do not hesitate to contact our office.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: _________________________________ THOMAS S. HALLIGAN Assistant Attorney General
 ATTACHMENT OPINION NUMBER 94-249
 33 — ELECTIONS — Special Elections — Tax Bonds
 Dale E. Branch Where a home rule charter authorizes an
 Assistant District Attorney initiatory petition, the electors may propose
 22nd Judicial District term limits for school board members; however,
 319 Memphis Street such a proposal by the council is not
 Bogalusa, LA 70427 authorized to be placed on the election ballot
 without an initiatory petition.

Dear Mr. Branch:
You have indicated that the Bogalusa School Board desires to place a proposition on the official election ballot, as to whether to impose term limits on school board members in the fourth ward of the parish.
In the case of St. John the Baptist Parish Association ofEducators v. Brown, 465 So.2d 674 (La. 1985), the Louisiana Supreme Court held that unless a proposition or question was specifically authorized by the Louisiana Constitution, law or a home rule charter, such elections were prohibited. (See: LSA-R.S.18:1299)
The Bogalusa City Charter authorizes the electors of the City to propose to the council the passage or repeal of ordinances and to vote on the question if the council refuses action. See Section 6-01 et seq. of the charter, initiative procedures.
Therefore, it is our opinion that if the procedures of the charter are followed, whereby the electors of the City submit a proposed ordinance to the council, whether it be for term limits or any other proposal, the council shall (1) adopt the proposed ordinance, or (2) determine to submit the proposal to the electors. However, we do not find any authority for the council to place a proposed ordinance regarding term limits on the ballot without such proposal being brought to the council as an initiatory petition in accordance with Section 6-01 of the charter of the City of Bogalusa.
If we can be of further assistance in this matter, please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ ANGIE ROGERS LaPLACE Assistant Attorney General